■ DAVENPORT NECK CORPORATION et al., Appellants, v JOHN PASQUERELLA, Respondent.—In an action premised on the defendant's failure to return a stock certificate at the termination of his membership in the plaintiffs' beach club pursuant to an agreement between the parties, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Beisner, J.), dated September 3, 1985, which granted the defendant's motion to dismiss the complaint as time barred.

Ordered that the order is affirmed, with costs.

We agree that the exclusive means by which the plaintiffs could regain the share of stock was by enforcement of the agreement between the parties that the defendant "will tender the aforesaid share of stock to the Secretary of the Davenport Club, Inc." upon the termination of his membership. Therefore, the gravamen of the action is contractual *(see, Baratta v Kozlowski,* 94 AD2d 454). The defendant's relationship with the Davenport Club, Inc. ended in 1976. Since this action was commenced in 1984 and the six-year Statute of Limitations for enforcement of the subject agreement termi-

nated in 1982 (CPLR 213 [2]), this action was properly dismissed (CPLR 3212). Kunzeman, J. P., Weinstein, Rubin and Kooper, JJ., concur.